# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| CHARLES SWARZENTRUBER,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No. C06-0170-LRR<br>No. CR02-0067-LRR<br><br>ORDER |

This matter comes before the court on Charles Swarzentruber's motion to vacate, set aside or correct his sentence (Docket No. 1). Charles Swarzentruber ("the movant") filed his motion pursuant to 28 U.S.C. § 2255.[1] Also before the court is the movant's application to proceed in forma pauperis, application for appointment of counsel and motion to recuse.

## *I. BACKGROUND*

On August 28, 2002, the government filed a criminal complaint against the movant. On September 13, 2002, the grand jury returned and the government filed an indictment against the movant. On December 6, 2002, the grand jury returned and the government filed a superseding indictment against the movant. On January 21, 2003, the movant's jury

---

[1] If a prisoner is in custody pursuant to a sentence imposed by a federal court and such prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the prisoner] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255; *see also Daniels v. United States*, 532 U.S. 374, 377, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001).

trial commenced. On January 24, 2003, the jury found the movant guilty of all six counts contained in the superseding indictment.[2] On January 16, 2004, the court sentenced the movant to 188 months imprisonment (188 months on counts one through five, 120 months for count six, terms to run concurrently) and 4 years supervised release (4 years on counts one, two, four and five, 3 years on counts three and six). On the same date, judgment entered against the movant. On January 23, 2004, the movant filed a notice of appeal. On appeal, the movant argued that the court should have sua sponte ordered a competency hearing after he tested positive for methamphetamine during trial and that his attorney's failure to request such a hearing denied him effective assistance. On November 18, 2004, the Eighth Circuit Court of Appeals affirmed the movant's conviction and resulting sentence. *See generally United States v. Swarzentruber*, 115 Fed. Appx. 319 (8th Cir. 2004). Although he sought further review, the Supreme Court denied the movant's petition for a writ of certiorari on January 9, 2006.

On November 27, 2006, the movant filed the instant motion. In his 28 U.S.C. § 2255 motion, the movant raises three challenges. All of his challenges are premised on the belief that counsel provided ineffective assistance. To support his position, the movant relies on *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

The court now turns to consider the movant's 28 U.S.C. § 2255 motion.

---

[2] The conduct charged in count one of the superseding indictment is in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B). The conduct charged in count two of the superseding indictment is in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B). The conduct charged in count three of the superseding indictment is in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C). The conduct charged in count four of the superseding indictment is in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B). The conduct charged in count five of the superseding indictment is in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B). The conduct charged in count six of the superseding indictment is in violation of 18 U.S.C. § 922(g)(3) and 18 U.S.C. § 924(a)(2).

## II.  ANALYSIS

### A.  *Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255*

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to move the sentencing court to vacate, set aside or correct a sentence.  To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255).

Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979).  Rather, 28 U.S.C. § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.") (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987)).  A collateral challenge under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) (making clear a motion pursuant to 28 U.S.C. § 2255 will not be allowed to do service for an appeal).  Consequently, "[a]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (internal quotation marks and citation omitted).

3

In addition, movants ordinarily are precluded from asserting claims they failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "A [movant] who has procedurally defaulted a claim by failing to raise it on direct review may raise the claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *Id*. (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)); *see also Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [movant] shows cause and prejudice."). "'[C]ause' under the cause and prejudice test must be something *external* to the [movant], something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (emphasis in original). If a movant fails to show cause, a court need not consider whether actual prejudice exists. *McCleskey v. Zant*, 499 U.S. 467, 501, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991). Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24; *see also McNeal*, 249 F.3d at 749 ("[A movant] must show factual innocence, not simply legal insufficiency of evidence to support a conviction.").[3]

### B. Standards Applicable to Ineffective Assistance of Counsel Claims

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his [or her] defen[s]e." U.S. Const., amend. VI. Furthermore, there is a constitutional right to effective assistance of counsel on direct appeal. *Evitts v.*

---

[3] The procedural default rule applies to a conviction obtained through trial or through the entry of a guilty plea. *See United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

*Lucey*, 469 U.S. 387, 393-95, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985); *Douglas v. California*, 372 U.S. 353, 356-57, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963).

The Sixth Amendment right to effective counsel is clearly established. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the United States Supreme Court explained that a violation of that right has two components:

> First, [a movant] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [movant] by the Sixth Amendment. Second, [a movant] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [movant] of a fair trial, a trial whose result is reliable.

*Id.* at 687; *see also Williams v. Taylor*, 529 U.S. 362, 390, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (reasserting *Strickland* standard). Thus, *Strickland* requires a showing of both deficient performance and prejudice. However, "a court deciding an ineffective assistance claim [need not] address both components of the inquiry if the [movant] makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on grounds of lack of sufficient prejudice, . . . that course should be followed." *Id.*; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("[A court] need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice.").

To establish unreasonably deficient performance, a movant "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The "reasonableness of counsel's challenged conduct [must be reviewed] on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. There is a strong presumption of competence and reasonable professional judgment. *Id.*; *see also United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001) (operating on the

"strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" (quoting *Strickland*, 466 U.S. at 689)); *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (broad latitude to make strategic and tactical choices regarding the appropriate action to take or refrain from taking is afforded when acting in a representative capacity) (citing *Strickland*, 466 U.S. at 694). In sum, the court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

To establish prejudice, "[i]t is not enough for [a movant] to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 693. Rather, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. In other words, "the question is whether there is a reasonable probability that, absent those errors, the fact finder would have had a reasonable doubt respecting guilt." *Id*. at 695. In answering that question, the court "must consider the totality of the evidence before the judge or jury." *Id*.

### C. The Movant's Claims

In his first claim, the movant essentially argues that counsel provided ineffective assistance because he failed to request a competency hearing. The movant believes a competency hearing should have been requested because he tested positive for methamphetamine at trial.

The movant has neither overcome the strong presumption that the conduct of trial counsel fell within a wide range of reasonable professional assistance, *Strickland*, 466 U.S. at 689, nor shown that any deficiencies in trial counsel's performance prejudiced his defense, *id*. at 692-94. If counsel had asked for a hearing, the court most likely would have declined to conduct a hearing because the defendant did not appear to be impaired and he could effectively communicate with his attorney. Given such conclusion, the court does

not find that the movant is entitled to relief based on *Strickland*. Stated differently, the court concludes counsel's failure to request a futile hearing does not constitute ineffective assistance. *Cf. Brown v. United States*, 311 F.3d 875, 878 (8th Cir. 2002) (concluding that counsel's decision not to raise issue unsupported by then-existing precedent did not constitute ineffective assistance). Further, the movant's claim of ineffective assistance fails because, in order to accept his claim, it would be necessary to disturb issues conclusively resolved in his direct appeal or factual determinations and credibility assessments made by the court during trial. *See United States v. Wiley*, 245 F.3d 750, 751 (8th Cir. 2001) ("Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." (citing *United States v. McGee*, 201 F.3d 1022, 1023 (8th Cir. 2000)); *Dall v. United States*, 957 F.2d 571, 572-73 (8th Cir. 1992) (concluding claims already addressed on direct appeal could not be raised); *United States v. Kraemer*, 810 F.2d 173, 177 (8th Cir. 1987) (concluding movant "cannot raise the same issues [. . .] that have been decided on direct appeal or in a new trial motion"); *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981) ("It is well settled that claims which were raised and decided on direct appeal cannot be relitigated . . . ."); *Butler v. United States*, 340 F.2d 63, 64 (8th Cir. 1965) (concluding movant is not entitled to another review of his question). Because the movant states nothing that provides a basis to disturb the court's earlier rulings, this claim shall be dismissed.

With respect to the remaining claims,[4] the United States Attorney and the movant shall respond in the following manner:

> 1. The United States Attorney for the Northern District of Iowa shall move or plead to the movant's remaining claims by February 5, 2007.

---

[4] The court notes the movant's second claim and third claim appear to be frivolous or wholly without merit.

>  2. The movant shall reply to the government's response, if he so chooses, by February 26, 2007.

### D. *The Movant's Application to Proceed In forma Pauperis, Application for Appointment of Counsel and Motion to Recuse.*

With respect to the movant's application to proceed in forma pauperis, a fee is not associated with filing a motion pursuant to 28 U.S.C. § 2255. Accordingly, the movant's application to proceed in forma pauperis shall be denied.

Given the claims presented by the movant, the court does not believe the appointment of counsel is warranted. *See Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (setting forth factors to be considered for appointment of counsel in civil case); *see also Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case); *Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970) ("The Sixth Amendment does not extend to persons seeking post conviction relief." (citing *Baker v. United States*, 334 F.2d 444, 447 (8th Cir. 1964))). Accordingly, the movant's application for appointment of counsel shall be denied.

Finally, concerning the movant's motion to recuse, the court considered 28 U.S.C. § 455 and concludes that a reasonable observer would not question the impartiality of the undersigned. Moreover, the court already determined that the movant's first claim should be dismissed. Accordingly, the movant's motion to recuse shall be denied.

**IT IS THEREFORE ORDERED**:

1) The movant's first claim is dismissed.

2) The United States Attorney and the movant are directed to respond in the following manner:

>  1. The United States Attorney for the Northern District of Iowa is directed to move or plead to the movant's remaining claims by February 5, 2007.

      2. The movant is directed to reply to the government's response, if he so chooses, by February 26, 2007.

3) The movant's application to proceed in forma pauperis is denied.

4) The movant's application for appointment of counsel is denied.

5) The movant's motion to recuse is denied.

**DATED** this 6th day of December, 2006.

                                                                            _____
                                                                           LINDA R. READE
                                                                           JUDGE, U. S. DISTRICT COURT
                                                                           NORTHERN DISTRICT OF IOWA